**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Town of Salley, ) | | 1:25-cv-11439-MGL |
| Plaintiff, ) | | |
| v. ) | | **COMPLAINT** |
| Eric Heard, ) | | |
| Alexis P. Latson, and ) | | |
| Salley Chitlin Strut LLC, ) | | (Jury Trial Demanded) |
| Defendants. ) | | |

The Plaintiff complains of the Defendants as follows:

1. Plaintiff is an incorporated municipality located in Aiken County, South Carolina.

2. Defendant Eric Heard is an individual.

3. Defendant Alexis P. Latson is an individual.

4. Defendant Salley Chitlin Strut LLC is a South Carolina limited liability company.

5. This action arises under the Act of Congress relating to the Lanham Act, *15 U.S.C. § 1051 et seq*. and the laws of the State of South Carolina.

6. Subject matter jurisdiction is conferred upon this Court by *15 U.S.C. § 1121 and 28 U.S.C. §§ 1331*, *1338 and 1367*.

7. Venue is proper, pursuant to *28 U.S.C. § 1391*, particularly paragraph (b) thereof.

8. The Court has personal jurisdiction over each of the Defendants.

## FACTUAL BACKGROUND

9.  For over fifty years, Plaintiff has organized, promoted, and conducted a festival in Salley, South Carolina, named the "Chitlin Strut." Plaintiff's "Chitlin Strut" has included parades, food and beverages, cultural or entertainment events, music, arts and crafts, contests, markets, and live performances, as well as apparel bearing the trademark "Chitlin Strut." As an example, replicated below is a promotional flyer for Plaintiff's 1967 "Chitlin Strut."



A second example is replicated below, a promotional flyer for Plaintiff's 1973 "Chitlin Strut."



10.     With few exceptions over more than five decades, Plaintiff's "Chitlin Strut" has been conducted annually, and over the years it has been attended by many thousands of people.

11.     Plaintiff enjoys an excellent reputation as the originator, innovator, organizer, promotor, and host of this annual festival in Salley, South Carolina, and in connection therewith has been featured in numerous state and local media articles as host to the "Chitlin Strut," one of the oldest, most popular, and most unique festivals in South Carolina.

12.     Through its long term and extensive use of the "Chitlin Strut" mark, its consistently high-quality services, and the success of its festival, Plaintiff has built up a significant amount of goodwill in its "Chitlin Strut" mark in relation to the provision of its festival services and related goods bearing the "Chitlin Strut" mark.

13. The public associates the mark "Chitlin Strut" with the high-quality services and related goods provided by Plaintiff.

14. When used in connection with the above-mentioned services, the mark "Chitlin Strut" is inherently distinctive and/or has achieved secondary meaning. The terms "Chitlin Strut," therefore, constitute a valid and protectable mark of Plaintiff and Plaintiff owns the proprietary rights therein.

15. Earlier this year, Defendant Eric Heard asked Plaintiff for its permission to use Plaintiff's "Chitlin Strut" mark to organize, promote, and conduct such a festival. Plaintiff expressly refused to authorize or permit such use of its trademark.

16. Despite Plaintiff's refusal, Defendants have proceeded to organize and promote a festival that they have named "Chitlin Strut" that, according to Defendants' social media, is scheduled for November 29, 2025, in or near the Town of Salley. As an example of Defendants' use of the terms "Chitlin Strut," Defendants are using the terms "Chitlin Strut" with one or more Internet web sites, such that a consumer searching such terms will be drawn to Defendants' web sites(s). Such sites include an Eventbrite page with which customers can purchase a ticket to Defendants' "Chitlin Strut." Defendants have also created Facebook page named "Salley Chitlin Strut," a screenshot of which is replicated below.



17.     Defendants Heard and Latson have, on or about March 21, 2025, created Defendant Salley Chitlin Strut LLC, also using Plaintiff's mark.

18.     Defendants' activities give the mistaken impression that they and their upcoming festival are somehow sponsored, licensed, endorsed, or approved by, or legitimately associated with Plaintiff.

19.     Defendants' proposed event and their activities relating to it, are not and have never been affiliated with, connected with, associated with, originated by, sponsored by, and/or approved by Plaintiff.

20.     By the foregoing, Defendants have been (a) transacting any business in this State, (b) contracting to supply services or things in the State, (c) committing tortious acts in whole or in part in this State, (d) causing tortious injury in this State by an act or omission outside this State by deriving substantial revenue from services rendered, in this

State, and/or (e) entering into a contract to be performed in whole or in part by either party in this State.

21. In an effort to avoid commencing this lawsuit and instead (a) to peacefully resolve this dispute without the necessity of litigation and (b) to preserve to Plaintiff and its citizens the proprietary rights in the "Chitlin Strut" trademark, Plaintiff, through its legal counsel, has written to Defendants asking them to stop using Plaintiff's mark. Defendants have provided no response and Defendants' activities, including those aforedescribed, have continued.

## FOR A FIRST CAUSE OF ACTION

### UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

22. The foregoing allegations are incorporated by reference as if fully set forth verbatim herein.

23. The use by Defendants of the terms "Chitlin Strut" is such that it is likely to confuse, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial activities, in violation of *15 U.S.C. § 1125(a)*.

24. The use by Defendants of the terms "Chitlin Strut" has caused and will continue to cause serious and irreparable damage to the reputation and good will of Plaintiff and for which Plaintiff is without an adequate remedy at law.

25. Plaintiff has been, and is likely in the future to be, damaged by the use of the terms "Chitlin Strut" by Defendants, including, but not limited to the lessening of the goodwill that its goods and services enjoy with the public.

26. Upon information and belief, the use by Defendants of Plaintiff's mark "Chitlin Strut" has been a willful infringement of Plaintiff's mark, including because (a) Defendant Heard was expressly denied permission by Plaintiff to use the mark and (b) Defendants were asked by Plaintiff's legal counsel to discontinue use of the mark but have nevertheless continued to use it.

27. Upon information and belief, the within action constitutes an exceptional case within the meaning of and pursuant to *15 U.S.C. § 1117*.

28. Plaintiff is entitled to the Order and Judgment of the Court preliminarily and permanently enjoining Defendants and their respective officers, agents, employees, representatives, and all others acting in privity and/or concert with them, from any use of the terms "Chitlin Strut," either as such or together with any other word, term, name, symbol, device, or combination thereof that is likely to confuse, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial activities.

29. Plaintiff is further entitled to judgment against Defendants for all profits realized by the Defendants, and for the damages sustained by the Plaintiff, by the use of the terms "Chitlin Strut" by Defendants, together with the costs of this action, pursuant to *15 U.S.C. § 1117(a)*.

30. According to the circumstances of the case, upon information and belief, Plaintiff is further entitled to judgment against Defendants for a sum above the amount found as actual damages, not exceeding three times such amount found as actual damages, pursuant to *15 U.S.C. § 1117(a)*.

31. Because the within action constitutes an exceptional case under the meaning of and pursuant to *15 U.S.C. § 1117*, Plaintiff is also entitled to judgment against Defendants that includes an award of reasonable attorney fees.

## FOR A SECOND CAUSE OF ACTION

### UNFAIR COMPETITION UNDER
### THE LANHAM ACT, 15 U.S.C. *§ 1125(a)(1)(B)*

32. The foregoing allegations are incorporated by reference as if fully set forth verbatim herein.

33. Upon information and belief, Defendants have commercially advertised and/or promoted their services by stating, among other things, that Defendants' "Salley Chitlin' Strut registration and ticket portals are now open" for the 2025 festival.

34. The Town of Salley unequivocally declined Defendant Eric Heard's request to host the festival himself under the Town's "Chitlin Strut" mark. The advertisement or promotional statements by Defendants cannot be accurate of the services and commercial activities associated with the "Chitlin Strut" mark.

35. Accordingly, Defendants' advertisements and/or promotions are misleading and misrepresent the nature, characteristics, or qualities of that Defendants' services or commercial activities in violation of *15 U.S.C. § 1125(a)*. Moreover, Defendants having positioned themselves as direct competitors of Plaintiff, such misleading representations have caused and will continue to cause serious and irreparable damage to the reputation and good will of Plaintiff and for which Plaintiff is without an adequate remedy at law.

36. Plaintiff has been, and is likely in the future to be, damaged by the misleading and misrepresentative advertisements and promotions of Defendants, including, but not limited to, by diversion of sales from itself to Defendants and by

lessening of the goodwill that Plaintiff's services enjoy with the buying public.

37. Upon information and belief, Defendants' advertisements and/or promotions have been willfully misleading and misrepresentative.

38. Upon information and belief, the within action constitutes an exceptional case within the meaning of and pursuant to *15 U.S.C. § 1117*.

39. Plaintiff is entitled to the Orders and Judgment of the Court preliminarily and permanently enjoining Defendants and their respective officers, agents, employees, representatives, and all others acting in privity and/or concert with them, from advertising and/or promoting their services by stating that the "Chitlin Strut" festival will be hosted in 2025.

40. Plaintiff is further entitled to judgment against Defendants for all profits realized by the Defendants, and for the damages sustained by the Plaintiff, by the commercial advertising and/or promotion of Defendants asserting that the "Salley Chitlin Strut 2025" registration is open, along with other statements of similar nature, together with the costs of this action, pursuant to *15 U.S.C. § 1117(a)*.

41. According to the circumstances of the case, upon information and belief, Plaintiff is further entitled to judgment against Defendants for a sum above the amount found as actual damages, not exceeding three times such amount found as actual damages, pursuant to *15 U.S.C. § 1117(a)*.

42. Because the within action constitutes an exceptional case under the meaning of and pursuant to *15 U.S.C. § 1117*, Plaintiff is also entitled to judgment against Defendants that includes an award of reasonable attorney fees.

## FOR A THIRD CAUSE OF ACTION

## COMMON LAW TRADEMARK INFRINGEMENT

43. The foregoing allegations are incorporated by reference as if fully set forth verbatim herein.

44. By reason of the foregoing, Plaintiff owns the common law rights in the mark "Chitlin Strut" in association with the described goods and services.

45. Defendants do not have any rights to the use of the mark "Chitlin Strut," yet they continue to unlawfully use and display the "Chitlin Strut" mark in association with their proposed festival.

46. Defendants' acts constitute common law trademark infringement and have created and will continue to create a likelihood of confusion, to the irreparable injury of Plaintiff unless restrained by this Court.  Plaintiff has no adequate remedy at law for this injury.

47. Defendants continue to act with full knowledge of Plaintiff's rights in the "Chitlin Strut" mark, and without regard to the likelihood of confusion of the public created by Defendants' activities.

48. Defendants' acts were and are done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

49. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "Chitlin Strut" mark, to the great and irreparable injury of Plaintiff.

50. Because of Defendants' acts, Plaintiff has suffered and is continuing to suffer irreparable injury, and Plaintiff has incurred and is continuing to incur monetary damage in an amount that has yet to be determined.

51. Plaintiff has no adequate remedy at law to protect its substantial business and property rights. The damages from Defendants' activities are considerable and continuing and thus not capable of ascertainment at this time.

52. Plaintiff is entitled to preliminary and permanent injunctive relief, to an accounting of Defendants' profits, to Plaintiff's damages, and to Plaintiff's costs. In light of the deliberately deceptive and malicious use of confusingly similar imitations of Plaintiff's trademark, and the need to deter Defendants from similar conduct, Plaintiff additionally is entitled to punitive damages, plus costs, disbursements, interest and attorneys' fees.

## FOR A FOURTH CAUSE OF ACTION

**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER SOUTH CAROLINA'S UNFAIR TRADE PRACTICES ACT, S.C. CODE ANN. *§§ 39-5-10 et seq.* (1976)**

53. The foregoing allegations are incorporated by reference as if fully set forth verbatim herein.

54. By using Plaintiff's mark "Chitlin Strut" in connection with the advertising and/or promotion of the "Salley Chitlin Strut 2025," Defendants have unfairly and deceptively passed off their services by creating the impression among the public that they are affiliated with, connected with, associated with, originated by, sponsored by, and/or approved by Plaintiff, when in fact, they are not.

55. Upon information and belief, the aforementioned acts and trade practices have been and are being willfully and knowingly committed by Defendants.

56. The unfair and deceptive acts of Defendants have an impact on the public interest because of the potential that the acts of misappropriation will be repeated.

57. The unfair and deceptive acts of Defendants violate *S.C. Code Ann. § 39-5-20* and, if not enjoined, will dilute the distinctive quality of Plaintiff's mark. Such acts have caused and will continue to cause irreparable harm, damage, and injury to Plaintiff unless restrained and enjoined by the Court.

58. By reason of the unfair and deceptive acts of Defendants, Plaintiff is entitled to judgment against Defendants for actual damages and attorneys' fee.

59. By reason of the willful and knowing violation of *S. C. Code Ann. § 39-5-20* by Defendants, Plaintiff is entitled to judgment against Defendants for three times the actual damages sustained.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment:

(a) That Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard have used a word, term, name, symbol, device, or combination thereof that is likely to confuse, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial activities under *15 U.S.C. § 1125(a)(1)*; and

(b) Preliminarily and permanently enjoining Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard and their respective officers, agents, employees, representatives, and all others acting in privity and/or concert with them, from any use of any word, term, name, symbol, device, or combination thereof that is likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard with Plaintiff and/or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods, services, or commercial activities, and further enjoining Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard from any other acts that will injure or are likely to injure the business reputation of Plaintiff; and

(c) Preliminarily and permanently enjoining Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard and their respective officers, agents, employees, representatives, and all others acting in privity

  and/or concert with them, from misrepresenting the nature, characteristics, or qualities of Defendants' services or commercial activities; and

(d) Awarding Plaintiff, under *15 U.S.C. § 1117(a)*, all profits realized by Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard, jointly and severally, and all damages sustained by Plaintiff by reason of Defendants' violation of *15 U.S.C. § 1125(a)(1)*; and

(e) Finding that Defendants' actions make this case exceptional and awarding to Plaintiff, under *15 U.S.C. § 1117(a)*, its reasonable attorneys' fees; and

(f) Pursuant to *15 U.S.C. § 1117(a)*, awarding Plaintiff three (3) times the amount found as actual damages; and

(g) Holding that Defendant Salley Chitlin Strut LLC, Defendant Alexis P. Latson, and Defendant Eric Heard have unfairly and deceptively passed off its services as those of Plaintiff in violation of *S.C. Code Ann. § 39-5-20*; and

(h) Pursuant to *S.C. Code Ann. § 39-5-140*, awarding Plaintiff actual damages, treble damages, and attorney fees; and

(i) Awarding Plaintiff interests and costs; and

(j) For Plaintiff on this Complaint; and

(k) Awarding such other and further relief as this Court may deem just and proper.

            Respectfully Submitted,

Greenville, South Carolina   Parker Poe Adams & Bernstein LLP

August 25, 2025       s/Timothy D. St.Clair
               Timothy D. St. Clair (Fed ID # 4270)
               110 E. Court St., Suite 200
               Greenville, SC 29601
               Telephone: 864-577-6371
               Facsimile: 864-242-9888
               Email: timstclair@parkerpoe.com

               ATTORNEYS FOR PLAINTIFF